**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SUSAN KEIR,

                                        Plaintiff,                          1:25-cv-056
                                                                            (ECC/MJK)
v.

CURT SCHOEBERL, *et al.*,

                                        Defendants.

---

Susan Keir, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

On January 13, 2025 pro se plaintiff Susan Keir filed a civil rights complaint pursuant to 42 U.S.C. 1983 asserting, among other things, that the defendants violated her constitutional rights by collecting "unconstitutional taxes" and "attempting a nonjudicial foreclosure of [plaintiff's] private property."  Complaint at 5,[1] Dkt. No. 1.  At the same time, plaintiff filed a motion for preliminary injunction seeking to enjoin defendant Ulster County "from proceeding with foreclosure, and a tax lien foreclosure . . . in County Court[.]"  Dkt. No. 5 at 1.  Plaintiff has since filed an amended motion for preliminary injunction on January 15, 2025, Dkt. No. 7, and what the court interprets to be a second amended motion for preliminary injunction on January 31, 2025, Dkt. No. 10-1.[2]  The amended motions for preliminary injunction correct minor clerical errors, but do not alter the substance of the injunctive relief requested by plaintiff.  The clerk of the court is

---

[1] Unless otherwise noted, citations to page numbers refer to the pagination generated by CM/ECF.

[2] Plaintiff has also filed an amended complaint, Dkt. No. 6, and a motion to amend the complaint, Dkt. No. 10, in the short span of time since this action was commenced.  Plaintiff's motion to amend is pending before Magistrate Judge Mitchell J. Katz, and will be addressed in due course.

therefore directed to terminate Dkt. No 5 and Dkt. No. 7 from the docket, as they are superseded by plaintiff's second amended motion for preliminary injunction, Dkt. No. 10-1 (the PI motion). For the following reasons, plaintiff's PI motion is denied.

## I.    BACKGROUND

The PI motion states that in 1993, plaintiff purchased approximately fifteen acres of land in Wallkill, New York.  PI Motion at 5.  The deed was recorded in Ulster County, however plaintiff "was never informed that [she] did not have to record" the deed.  *Id.*  In or around 1994, plaintiff's property was reclassified to rural residential "without [her] input," "so that unconstitutional direct taxes could be extracted from the equity of [her] private property under the constant threat of foreclosure" if she did not pay.  *Id.*  Plaintiff paid said taxes "under duress."  *Id.*

Plaintiff further states that in 2022, she could "no longer submit to the unconstitutional direct taxation of [her] private property and sen[t] a letter to Ulster County Department of Finance telling them to cease and desist, with a [Freedom of Information Act (FOIA)] request inquiring as to the constitutionality of the tax."  PI Motion at 5.  Notwithstanding plaintiff's efforts, the "direct taxation of [her] private property continued unabated."  *Id*.  Plaintiff sent another letter to Ulster County Department of Finance in 2024, once again "telling them to cease and desist unconstitutional taxation of [her] private property, with a FOIA request inquiring as to the constitutionality of the tax," however the "direct taxation of [her] private property continued[.]" *Id.* at 6.

According to plaintiff, defendants are presently attempting to "steal [her] land through nonjudicial foreclosure" in Ulster County Court, presumably as a result of the plaintiff's failure to pay the subject taxes.  PI Motion at 5.

## II.    STANDARD

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "A party seeking a temporary restraining order or preliminary injunction must show (1) irreparable harm in the absence of the relief sought and (2) either a likelihood of success on the merits or a sufficiently serious question going to the merits to make them a fair ground for litigation with a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *McDougall, v. Carusone*, No. 3:22-cv-206, 2022 WL 394386, at *1 (D. Conn. Feb. 9, 2022) (citing *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)).  "To determine whether a plaintiff has shown irreparable harm, 'the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the remedies available at law . . . are inadequate to compensate for that injury.'" *Hyde v. KLS Prof'l Advisors Grp., LLC*, 500 F. App'x 24, 25 (2d Cir. 2012) (quoting *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010)). "[I]rreparable harm must be shown to be actual and imminent, not remote or speculative." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).  The district court has wide discretion in determining whether to grant preliminary injunctive relief.  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).

## III.    DISCUSSION

### A.    Younger Abstention

The abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), cautions against enjoining or otherwise interfering in ongoing state proceedings. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77-78 (2013); *Trump v. Vance*, 941 F.3d 631, 637

(2d Cir. 2019), *aff'd and remanded*, 591 U.S. 786 (2020). *Younger* abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions" and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72-73; *accord Ajaero v. Obama,* No. 23 Civ. 8096, 2023 WL 7386583, at *5 (S.D.N.Y. Nov. 7, 2023). "*Younger* abstention is grounded partly on traditional principles of equity, but primarily on the even more vital consideration of comity," reflecting a "proper respect for state functions, a recognition of the . . . separate state governments, and a . . . belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Trump*, 941 F.3d at 637.

     *Younger* abstention is applicable to attempts to enjoin state court foreclosure proceedings, as foreclosure actions "concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide the plaintiff with an adequate forum to make the arguments he seeks to raise in this court." *Ochei v. Lapes*, No. 19-cv-3700, 2020 WL 528705, at *4 (S.D.N.Y. Jan. 21, 2020); *accord Toczek v. Alvord*, 841 F. App'x 263, 266 (2d Cir. 2021) (state court orders "relating to [plaintiff's] foreclosure are uniquely in furtherance of the state courts' ability to perform their judicial functions and implicate a state's interest in enforcing the orders and judgments of its courts."). Thus, because plaintiff's PI Motion seeks to enjoin the foreclosure of her private property, her request is barred by *Younger* abstention. *See Fequiere v. Tribeca Lending*, No. 14-cv-812, 2015 WL 1412580, at *7 (E.D.N.Y. Mar. 20, 2015) (denying plaintiff's request for injunctive relief relative to state foreclosure proceeding because, among other reasons, such claims are "generally barred by *Younger v. Harris*"); *Balash-Ioannidou v. Contour Mortg. Corp.*, No. 22-cv-4506, 2022 WL 3358082, at *2 (E.D.N.Y. Aug.

15, 2022) ("*Younger* abstention bars [plaintiff] from seeking injunctive . . . relief in federal court" seeking to interfere with an on-going state foreclosure proceeding).

### B.    The Anti-Injunction Act

The Anti-Injunction Act provides that a district court "may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See, e.g.*, *Komatsu v. City of New York*, No. 1:20-cv-6510, 2020 WL 8641274, at *7 (S.D.N.Y. Oct. 22, 2020) ("The Act 'is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act.' ") (quoting *Vendo Co. v. Lektro-Vend. Corp.*, 433 U.S. 623, 630 (1977)).

Here, plaintiff's PI Motion does not advance any of the delineated exceptions. Furthermore, "[c]ourts in this Circuit have repeatedly held that the Anti–Injunction Act bars a federal court from enjoining state-court eviction proceedings." *Markey v. Ditech Fin. LLC*, No. 3:15-cv-1711, 2016 WL 5339572, at *4 (D. Conn. Sept. 22, 2016) (quoting *Allen v. New York City Hous. Auth.*, No. 10 Civ. 168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (collecting cases)). Thus, plaintiff's request for injunctive relief is further barred by the Anti-Injunctive Act. *See, e.g., Balash-Ioannidou v. Contour Mortg. Corp.*, No. 22-cv-4506, 2022 WL 3358082, at *2 (E.D.N.Y. Aug. 15, 2022) (denying plaintiff's request for injunctive relief in the context of pending state court foreclosure proceedings pursuant to the Anti-Injunction Act).

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking preliminary injunctive relief, Dkt. No. 10-1, is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 7, 2025

_____
Elizabeth C. Coombe
U.S. District Judge