UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUSAN KEIR,

                                  Plaintiff,                  1:25-cv-056
                                                                       (ECC/MJK)

v.

CURT SCHOEBERL, *et al.*,

                                  Defendants.
_____

Susan Keir, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## DECISION AND ORDER

On January 13, 2025, *pro se* Plaintiff Susan Keir filed a civil rights complaint pursuant to 42 U.S.C. § 1983 asserting, among other things, that the Defendants violated her constitutional rights by collecting "unconstitutional taxes" and "attempting a nonjudicial foreclosure of [Plaintiff's] private property." Complaint at 5,[1] Dkt. No. 1. Plaintiff also filed a motion for preliminary injunction seeking to enjoin defendant Ulster County "from proceeding with foreclosure, and a tax lien foreclosure . . . in County Court[.]" PI Motion at 1, Dkt. No. 10-1. In a Memorandum-Decision and Order filed on February 7, 2025, the Court denied Plaintiff's PI Motion. PI Order, Dkt. No. 13. Presently before the Court is Plaintiff's motion for reconsideration

---

[1] Unless otherwise noted, citations to page numbers refer to the pagination generated by CM/ECF.

of the PI Order. Motion for Reconsideration, Dkt. No. 18. For the following reasons, Plaintiff's Motion for Reconsideration is denied.

I.     **LEGAL STANDARD**

Local Rule 60.1 provides that a party may file a motion for reconsideration within fourteen days from the date a judgment, order, or decree is entered. N.D.N.Y. L.R. 60.1. The standards governing motions for reconsideration are necessarily strict to prevent litigants from rehashing the same issues that have already been carefully considered by the district court in the prior ruling. *Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022) (quoting *Analytical Survs. Inc. v. Tonga Partners L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)) ("[S]uch a motion 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]' ").

In this circuit, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

II.     **ANALYSIS**

Plaintiff seeks reconsideration of the PI Order, arguing that the Court has "created a situation of manifest injustice by refusing to consider in any way the Constitutional violations occurring" . . . "due to the day to day processes of [the municipal Defendants.]" Motion for Reconsideration at 1. Plaintiff argues that in denying preliminary injunctive relief, the Court has effectively concluded "states must be left to violate Constitutional rights with impunity, and the federal court will look the other way[.]" *Id.* at 2. In addition, Plaintiff contends that the state court in which her foreclosure action is currently pending is an "administrative court[] using statutes and

codes which are not valid laws." *Id.* Last, Plaintiff charges the court with "pleading the [D]efendant's [sic] case for them instead of letting the motion be heard." *Id.* at 3.

Measured against the applicable standard, Plaintiff's Motion for Reconsideration is denied. Specifically, Plaintiff has not established that manifest injustice will result should the Court deny her Motion for Reconsideration. "In the context of a motion for reconsideration, 'manifest injustice' is defined as an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (quotation and citation omitted); *see also S.E.C. v. Stewart*, No. 98 Civ. 2636, 2024 WL 382370, at *5 (S.D.N.Y. Feb. 1, 2024) ("Courts ordinarily have not defined precisely what constitutes clearly erroneous or manifest injustice for reconsideration purposes. At least one court has held though that reconsideration is not warranted unless the prior decision is 'dead wrong.' ") (quoting *Ogi Oceangate Transp. Co. v. RP Logistics Pvt. Ltd.*, No. 06 Civ. 9441, 2007 WL 2900225 at *1 n.1 (S.D.N.Y. Oct. 4, 2007)). Here, the Court's determination that it is precluded from enjoining or otherwise interfering with on-going state court foreclosure proceedings is not a "direct, obvious, and observable" error, much less "dead wrong." To the contrary, and as set forth in detail in the PI Order, it is well settled that the relief sought by Plaintiff is barred by both the *Younger* Abstention Doctrine and the Anti-Injunction Act. PI Order at 3-5.

Moreover, Plaintiff's argument concerning the manner in which the Court adjudicated her PI Motion does not establish resulting manifest injustice. Although an evidentiary hearing is generally held on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. *See Wall v. Constr. & Gen. Laborers' Union*, 80 F. App'x 714, 716 (2d Cir. 2003) (holding that an evidentiary hearing is not necessary where it would not help resolve any factual issues). In this case, the Court's PI Order did not rely on the interpretation

of any plausibly disputed fact, but on well-settled legal doctrines that present a clear bar to the specific injunctive relief sought by Plaintiff.

Plaintiff does not otherwise argue that there has been an intervening change in the controlling law or that new evidence necessitates reconsideration. Plaintiff merely attempts to reargue the issues already determined by this Court. Accordingly, Plaintiff's Motion for Reconsideration is denied. *See, e.g., Graber v. Cayuga Home for Child.,* No. 5:24-cv-468, 2025 WL 330492, at *1 (N.D.N.Y. Jan. 29, 2025) (denying motion for reconsideration where movants "merely attempt[ed] to relitigate the issues" previously decided); *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' ").

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration, Dkt. No. 18, is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 18, 2025

_____
Elizabeth C. Coombe
U.S. District Judge

4