**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

SUSAN KEIR,

                            Plaintiff,                    1:25-cv-056
                                                          (ECC/MJK)
v.

CURT SCHOEBERL, *et al.*,

                            Defendants.

─────────────────────────────────

Susan Keir, *Plaintiff, pro se*
John C. Burns, Esq., *for County Defendants*
Aimee Cowan, Asst. Attorney General, *for State Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Currently before the Court is Plaintiff's (1) motion for my recusal as the district judge assigned to this matter, Dkt. No. 30, and (2) "motion to object, and demand to strike" the pending motion to dismiss, Dkt. No. 38. For the reasons set forth below, Plaintiff's motions are denied.

### I.    RECUSAL

Plaintiff argues that recusal is warranted due to bias exhibited against her in this matter. Dkt. No. 30 at 1.[1] Plaintiff contends that the Court's use of "unconstitutional taxes" and "according to plaintiff" in the February 7, 2025 Memorandum Decision and Order denying her request for preliminary injunctive relief (February Order) is an "effort to cast doubt on the validity and seriousness of the Complaint against the [D]efendants." *Id.* at 1-2. Plaintiff further argues that the Court's reference to her "private property as 'real property'" in the February Order is an

─────────────

[1] Citations to page numbers refer to pagination generated by ECF, unless otherwise noted.

effort to redefine the term "to fit into [the] New York State[ ] Real Property Tax Code[,]" which itself is "void of law[.]"  *Id.* at 3-4.  Plaintiff challenges the Court's reliance on the *Younger* abstention doctrine and the Anti-Injunction Act in denying her request for injunctive relief, arguing that the state court foreclosure proceedings could not be an adequate forum for litigating the seizure of her private property, among other things.  *Id.* at 4.  Finally, Plaintiff maintains that the Court has violated her Fifth Amendment due process rights, and states that the Court has "aligned [itself] with [the Defendants'] very unconstitutional processes."  *Id.* at 3, 5.

Under 28 U.S.C. § 455(a) a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The purpose of § 455(a) "is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).  The proper inquiry is whether "'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)).  "A judge is as much obliged not to recuse [herself] when it is not called for as [she] is obliged to when it is." *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007) (citation omitted).  "'[J]udicial rulings alone' the [Supreme] Court [has] observed, 'almost never constitute a valid basis for a bias or partiality motion' and 'can only in the rarest circumstances evidence the degree of favoritism or antagonism'" that would warrant recusal.

*In re Int'l Bus. Machs. Corp.*, 45 F.3d 641, 644 (2d Cir. 1995) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994) (alteration in original)).

Although Plaintiff does not cite 28 U.S.C. § 144, that statute also governs motions for recusal.[2]  Under § 144 another judge must be assigned to a proceeding when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party."  "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . and [i]t shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.  "To be legally sufficient under Section 144, an affidavit must show 'the objectionable inclination or disposition of the judge' [and] it must give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'"  *Hoffenberg v. United States*, 333 F. Supp. 2d 166, 171 (S.D.N.Y. 2004) (quoting *Rosen v. Sugarman*, 357 F.2d 794, 798 (2d Cir. 1966)).  A district judge "must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily."  *Sharkey v. J.P. Morgan Chase & Co.*, 251 F. Supp. 3d 626, 629 (S.D.N.Y. 2017) (citation omitted).

As an initial matter, the Court has no personal bias toward plaintiff or specific interest in this litigation.  In addition, Plaintiff has not identified any proper basis for recusal, and, after reviewing Plaintiff's motion, I am not aware of any basis for recusal.  I am also not aware of any

---

[2] "Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes." *French v. Montgomery*, No. 9:24-cv-0523 (GTS/MJK), 2024 WL 4993582, at *1 (N.D.N.Y. Nov. 15, 2024) (citations omitted).

facts that would lead an objective observer to question my impartiality or any facts that would support disqualification under §§ 455(b)(1) or 144.

Plaintiff relies on the Court's use of phrases in the February Order, but her assertions provide no basis for recusal. The Court took "unconstitutional taxes" from her Complaint. *See* Complaint (Compl.) at 5, Dkt. No. 1. Plaintiff used the term "unconstitutional taxation" in her motion for preliminary injunctive relief. Dkt. No. 10-1 at 6. Plaintiff also refers to "unconstitutional direct taxes" in the Complaint, *see* Compl. at 5-11, and that phrase is mentioned in the February Order, February Order at 2. To the extent Plaintiff ascribes a specific meaning to the phrase "unconstitutional direct taxes" in conjunction with her allegations, the Court's omission of the term "direct" in the February Order does not "create[] an entirely new claim," as Plaintiff suggests. Nor does it evidence any bias on the part of the Court.

Plaintiff also focuses on the Court's use of "real property," but the Court consistently refers to Plaintiff's "private property" throughout the February Order. *See generally* February Order. The term "real property" appears just once in the February Order, in a quotation from a case defining foreclosure actions, which undisputedly "concern the disposition of real property." February Order at 4. Finally, Plaintiff relies on "according to plaintiff," but the Court regularly uses that phrase when describing the allegations in a complaint, and there is no implication behind the Court's use of that phrase.

The remaining grounds for recusal raised by Plaintiff are based on the errors she perceives in the Court's ruling on her motion for preliminary injunctive relief. "Disagreement with the Court's rulings is an insufficient basis for recusal." *Oliver v. New York State Police*, No. 1:15-cv-00444 (BKS/DJS), 2020 WL 8082406, at *3 (N.D.N.Y. June 3, 2020) (citing *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias

must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.")).  Plaintiff may not use this motion as an opportunity to re-litigate the Court's previous rulings.  For these reasons, Plaintiff's motion for recusal is denied.

## II.    "MOTION TO OBJECT AND DEMAND TO STRIKE"

Plaintiff filed a motion identifying her objections to (a) the "recusal motion being set aside," (b) the adjournment of the Rule 16 conference and related proceedings due to the Defendants' pending motion to dismiss, and (c) "the involvement of fictitious entities and fraudulent instruments" in the Defendants' pending motion to dismiss.  Dkt. No. 38.  In the same motion, Plaintiff "demands that the [C]ourt strike the [D]efendants['] Motion to Dismiss from the record as it is based on fraudulent and misleading information[.]"  *Id.* at 2.  As an initial matter, Plaintiff's recusal motion was never "set aside," and for the reasons previously set forth the Court is denying Plaintiff's request for recusal.

Plaintiff's objection to the adjournment of the Rule 16 conference is meritless.  In cases where a motion to dismiss is filed before a Rule 16 conference occurs, "this court will often adjourn the scheduling conference until the motion has been decided, especially where there is a possibility that the motion will dispose of the entire case." *Oliver v. New York State Police*, No. 1:15-cv-0444 (BKS/DJS), 2021 WL 10132103, at *3 (N.D.N.Y. Jan. 26, 2021).  "As the discovery process is keyed into the Rule 16 initial conference . . . that adjournment does have the practical effect of staying discovery, but that is done out of a desire to promote judicial economy and protect against expensive and lengthy discovery in connection with a claim that may not survive Rule 12 review." *Id.* (citing *Elisens v. Cayuga Cty. Mental Health*, No. 5:19-cv-1236 (LEK/TWD), 2020 WL 8081938, at *2 (N.D.N.Y. Aug. 26, 2020) ("In the interest of judicial economy, the Court adjourns

the Rule 16 conference until a decision on the pending motion to dismiss is issued . . . .")).  The adjournment does not constitute an expression of bias, or suggest how the Court will rule in a particular case.  Plaintiff has otherwise presented no legal basis for why the adjournment of the Rule 16 conference is improper.  Plaintiff's motion on this ground is therefore denied.

Plaintiff's remaining contentions are also without merit.  Specifically, her assertions concerning the Defendants' reference to the "fictitious entity SUSAN KEIR," as well as her purported appearance "before this court by special appearance," have been universally rejected as frivolous.  *See Muhammad v. Smith*, 13-cv-0760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."); *accord Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011); *see also United States v. Ulloa*, 511 F. 105, 106 n.1 (2d Cir. 2013) ("The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.  The FBI has labeled the sovereign citizens a domestic terrorist group."); *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3rd Cir. 2008) ("[T]he 'Redemptionist' theory . . . propounds that a person has a split personality: a real person and a fictional person called the 'strawman.' The 'strawman' purportedly came into being when the United States went off the gold standard . . . and, instead, pledged the strawman of its citizens as collateral for the country's national debt.  Redemptionists claim that government has power only over the strawman and not over the live person, who remains free.").  Plaintiff's assertions appear to relate to a common redemptionist theory that "when a person's name is spelled . . . with initial capital letters and small letters, it represents the 'real person' . . . [and w]henever a person's name is written in total capitals, . . . . only [a] 'strawman' is referenced, and the flesh and blood person is not involved.'" *Moore*

*v. Discover Bank*, No. 24-cv-3194, 2024 WL 2784878, at *2 (S.D.N.Y. May 28, 2024) (quoting *Santana v. United States*, 2017 WL 2470834, at *2 (S.D.N.Y. June 6, 2017)).  Again, this theory has been consistently rejected by the courts, and provides no basis for striking the Defendants' motion to dismiss.  *Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-cv-0180, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017) (collecting cases that have rightly rejected the argument that "differences in capitalization of a person's name create separate legal entities").

Plaintiff's motion to strike the Defendants' motion to dismiss is denied.  To the extent Plaintiff challenges the Defendants' reliance on certain exhibits in their motion to dismiss, she should raise these arguments in a properly filed response, and the arguments presented should not be based in frivolous and unfounded theories of law.

## III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for recusal, Dkt. No. 30, is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to object and demand to strike, Dkt. No. 38, is **DENIED**.  If she chooses to do so, Plaintiff may submit a properly filed response to the Defendants' pending motion to dismiss by the applicable deadline, and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 13, 2025

_____
Elizabeth C. Coombe
U.S. District Judge