**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SUSAN KEIR,

                               Plaintiff,                  1:25-cv-56
                                                                        (ECC/MJK)

v.

CURT SCHOEBERL, *et al.*,

                               Defendants.

---

Susan Keir, *Pro Se Plaintiff*
John C. Burns, Esq., *for Town and County Defendants*
Aimee Cowan, Ass't Att. General, *for State Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se Plaintiff Susan Keir filed this action against Defendants Curt Schoeberl, Jane Rascoe, and the Town of Shawangunk (the Town Defendants); Roseann Daw, Tracey Williams, Christopher Jaros, Jen Metzger, Max Cordella, Bruck Taylor, Clinton Johnson, and the County of Ulster (the County Defendants); and Michelle Demirian and New York State Attorney General Letitia James (the State Defendants) (collectively, the Defendants), alleging claims pursuant to 42 U.S.C. § 1983. Plaintiff challenges the Defendants' assessment and collection of property taxes that has resulted in the commencement of foreclosure proceedings against her property. *See generally* Second Amended Complaint (SAC), Dkt. No. 19. The Defendants have moved to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. Nos. 31, 48, 52. The motions are fully briefed. Dkt. Nos. 47, 51, 57, 58, 60, 61, 67, 68. For the

following reasons, Defendants' motions to dismiss are granted in part, and the Plaintiff's Second Amended Complaint is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 12(b)(6).

## II. PROCEDURAL HISTORY

On January 13, 2025, Plaintiff filed the original Complaint in this action, as well as a motion for preliminary injunction. Dkt. Nos. 1, 5. Plaintiff filed an Amended Complaint and amended motion for preliminary injunction on January 16, 2025. Dkt. Nos. 6, 7. On January 31, 2025, Plaintiff filed a "Motion for Leave to File an Amended Complaint and Motion for Preliminary Injunction." Dkt. No. 10. On February 7, 2025, the Court denied Plaintiff's motion seeking preliminary injunctive relief.[1] Dkt. No. 13. U.S. Magistrate Judge Mitchell J. Katz subsequently granted Plaintiff's request to amend, and Plaintiff filed the Second Amended Complaint on February 14, 2025. Dkt. Nos. 14, 19.

## III. FACTS[2]

Plaintiff owns property located in Wallkill, New York. SAC at 15.[3] On an unspecified date, "state employees registered the Plaintiff's private property in their office without disclosing [that] there is no law" mandating such registration. *Id.* at 6. Plaintiff was "not provided full disclosure about registering her private property," nor was she "informed that registering her private property would allow the Defendants to extort property taxes." *Id.* The registration of Plaintiff's property "allowed [it] to be reclassified for the sole purpose of taxation." *Id.*

---

[1] Plaintiff's motion for reconsideration of the February 7, 2025 Memorandum-Decision and Order was denied. Dkt. Nos. 18, 24.

[2] These facts are drawn from the Second Amended Complaint. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] Citations to page numbers refer to pagination generated by the ECF system.

Specifically, Plaintiff's property was "wrongfully re-classified as agricultural, industrial, or residential." *Id.* at 11.  The reclassification of Plaintiff's property was "without permission." *Id.* at 6-7.  As a result, Plaintiff was subjected to "unconstitutional direct taxat[ion]" of her property. *Id.* at 5, 7-8.  Plaintiff was "forced to make unlawful property tax payments for years or risk losing the property to the state for nonpayment of unlawful taxes." *Id.* at 10.  Plaintiff's property is now the subject of foreclosure proceedings in Ulster County. *Id.* at 5.

In furtherance of their constitutional violations against Plaintiff, Defendants have "view[ed] and record[ed] documents containing an all-caps version of [Plaintiff's] name, and documents containing [Plaintiff's] proper name."  SAC at 9.  The Defendants have further "stolen the equity from [Plaintiff's] private property through use of an electronically reproduced copy of [Plaintiff's] deed . . . ." *Id.*  Specifically,

> [w]hen the defendants placed the plaintiff's "document of title" in their records the attorney created a secret Constructive Quasi "Trust" on the presumption that their State corporation" has "AN interest in plaintiff's land, and they now control plaintiff's private property rights such as "possession" ect [sic], and plaintiff has been forced to pay annual fee (tax) in "return" for benefit.

*Id.* at 10.  This caused Plaintiff's "control of her private property" to be "stripped away;" requiring Plaintiff to "request permission to enjoy his/her property." *Id.*

Liberally construed, the Second Amended Complaint asserts claims for fraudulent concealment; "fraudulent misrepresentation, personage, and joinder;" deed fraud and conspiracy to commit deed fraud; theft of equity; mail fraud; intentional infliction of emotional distress; and Fourteenth Amendment violations of Plaintiff's due process rights. *See generally* SAC.  In her prayer for relief Plaintiff seeks compensatory and punitive damages, as well as injunctive relief including an order (1) barring further tax collections against her property; (2) removing the tax lien currently attached to her property; (3) discharging all debt attached to her property, (4)

3

removing "anything having to do with" her property from "all local, county, and state files, records or data bases; and (5) compelling the publication of advertisements in newspapers concerning her rights over the property. *Id.* at 15-16.

## IV. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(h)(3)

A district court has the inherent power to dismiss a case, sua sponte, if it determines the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3). Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis supplied); *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) ("Once a federal court determines it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Searles v. Robert*, No. 21-2836, 2023 WL 7271832, at *1 (2d Cir. Nov. 3, 2023) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). This Court has an "independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte." *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017) (quoting *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (quotation marks omitted)).

The Court has no power to address the merits of a claim if it lacks subject matter jurisdiction over the claim. *Hibbert v. Cap. One Auto Fin.*, No. 1:23-cv-07538, 2024 WL 3498536, at *2 (E.D.N.Y. July 22, 2024) (citing *El Bey v. Hilton*, 15-cv-3188, 2017 WL 3842596, at *3 (E.D.N.Y. Sept. 1, 2017) ("Because the Court has no power to address the merits of a case in the absence of subject matter jurisdiction over it, a challenge to jurisdiction must be resolved before

4

reaching any other challenge.")); *see also Polera v. Bd. of Educ.*, 288 F.3d 478, 481 (2d Cir. 2002) ("Until we determine whether the District Court properly exercised subject matter jurisdiction . . . , we cannot address the merits . . .").

    **B.**    **Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

Because Plaintiff is proceeding pro se, her submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

"Nonetheless, to survive a Rule 12(b)(6) motion, a pro se plaintiff must support [her] claims with 'specific and detailed factual allegations, not stated in wholly conclusory terms.'" *Wightman-Cervantes v. ACLU*, No. 06-cv-4708, 2007 WL 1805483, at *1, at *4 (S.D.N.Y. June 25, 2007) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85–86 (2d Cir. 2000)).

V.      **DISCUSSION**

    A.      **Constitutional Claims**

        1.      **Subject Matter Jurisdiction**

This Court lacks subject matter jurisdiction over Plaintiff's challenges to the assessment and imposition of local taxes on her property. The Tax Injunction Act (TIA) provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *Campaniello v. New York State Dep't of Tax'n & Fin.*, 737 F. App'x 594, 596 (2d Cir. 2018) ("The TIA is meant to strictly limit federal courts from interfering with local tax matters . . . . This prohibition is jurisdictional and strips the federal courts of subject matter jurisdiction.") (citation omitted); *Pan v. City of Niagara Falls*, No. 23-7513, 2025 WL 1169057, at *2 (2d Cir. Apr. 22, 2025) ("The Tax Injunction Act severely limits the power of federal courts to interfere with state taxation proceedings."); *Roberts v. NYS Dep't of Tax'n & Fin.*, No. 1:22-cv-0208, 2022 WL 1004246, at *3 (S.D.N.Y. Apr. 4, 2022) ("[T]he TIA bars taxpayers from challenging the payment of state taxes in a federal district court."). The TIA "has been interpreted to cover local taxes[.]" *Luessenhop v. Clinton Cnty., New York*, 466 F.3d 259, 266 (2d Cir. 2006). "The principal purpose of the Tax Injunction Act [is] 'to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'" *California v. Grace Brethren Church*, 457 U.S. 393, 408-09 (1982) (quoting *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 522 (1981)); *see also Hibbs v. Winn*, 542 U.S. 88, 107 (2004) ("In sum, this Court has interpreted and applied the TIA only in cases Congress wrote the Act to address, i.e., cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes.").

"Two conditions must be satisfied to invoke the protection of the TIA: first, the surcharges must constitute 'taxes,' and second, the state remedies available to plaintiffs must be 'plain, speedy and efficient.'" *Ass'n for Accessible Meds. v. James*, 974 F.3d 216, 221 (2d Cir. 2020) (quoting *Travelers Ins. Co. v. Cuomo*, 14 F.3d 708, 713 (2d Cir. 1993) (footnote omitted), *rev'd on other grounds*, 514 U.S. 645 (1995)). "The Supreme Court has previously determined in other litigation related to the TIA that New York does provide 'plain, speedy and efficient' forums for individuals to bring constitutional challenges to its tax laws." *Abuzaid v. Mattox*, 726 F.3d 311, 316 (2d Cir. 2013) (quoting *Tully v. Griffin, Inc.*, 429 U.S. 68, 76–77 (1976)); *Glob. Leadership Found. v. City of New York*, No. 21-cv-10942, 2022 WL 2788398, at *3 (S.D.N.Y. July 15, 2022) (same).

Under the related doctrine of comity, federal courts are restrained "'from entertaining claims for relief that risk disrupting state tax administration,' including claims for damages" if state court remedies are plain, adequate, and complete. *Glob. Leadership Found. v. City of New York*, No. 22-2095, 2023 WL 3144043, at *1 (2d Cir. Apr. 28, 2023) (quoting *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417 (2010)). "While the TIA bars injunctive and declaratory relief, 'it is the principle of comity that prevents a taxpayer from seeking damages.'" *DeMartino v. New York State Dep't of Tax'n & Fin.*, No. 22-720, 2023 WL 2563967, at *4 (2d Cir. Mar. 20, 2023) (quoting *Dorce v. City of New York*, 2 F.4th 82, 97 (2d Cir. 2021)); *see also Casciani v. Town of Webster*, 501 F. App'x 77, 80 (2d Cir. 2012) ("Actions under § 1983 seeking damages related to the collection of state taxes are barred by the principle of comity so long as there is a procedurally adequate state alternative procedure for challenging the assessment."). The comity doctrine is more expansive than the Tax Injunction Act. *Levin*, 560 U.S. at 417.

Here, Plaintiff requests that the court "bar any future tax collection" and "remove any tax liens from" her property are "precisely the type of suit the [TIA] was designed to limit." *Staten v.*

7

*Vill. of Monticello,* No. 14-cv-4766, 2015 WL 6473041, at *8 (S.D.N.Y. Oct. 26, 2015) (quoting *Bernard v. Village of Spring Valley,* 30 F.3d 294, 297 (2d Cir. 1994)).  Likewise, the principles of comity warrant dismissal of Plaintiff's parallel claims for compensatory damages due to lack of subject matter jurisdiction.  Plaintiff's invocation of Fourteenth Amendment due process rights do not render the TIA or the comity doctrine inapplicable.  Specifically, the Second Amended Complaint asserts a violation of Plaintiff's due process rights under the Fourteenth Amendment relative to state-court foreclosure proceedings initiated against her property.  SAC at 11.  Conceivably, the Court might exercise jurisdiction over a Fourteenth Amendment due process claim challenging some conduct by the Defendants preceding a state-court foreclosure.  Here, however, Plaintiff's claim is grounded in her challenge to the particular taxes assessed against her property that resulted in the initiation of foreclosure proceedings:

> This illegal property tax process is a violation of the constitution and plaintiff's due process, as there has been no court hearing, no judgment, no adjudication of all facts, and no consideration given *for the actual laws regarding the tax in the first place.*

SAC at 7 (emphasis added).  Thus, even liberally construed, the Court lacks jurisdiction over Plaintiff's Fourteenth Amendment due process claim.  *See Marvin v. Allen,* No. 23-CV-5947, 2024 WL 4290722, at *6 (S.D.N.Y. Sept. 24, 2024) ("[W]here a plaintiff "object[s] to [his] own tax situation," federal courts routinely dismiss constitutional claims, including claims sounding in due process."); *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 597 (2013) ("It is beyond dispute that "[t]axes . . . are not 'takings[.]'" (quoting *Brown v. Legal Foundation of Wash.*, 538 U.S. 216, 243, n. 2 (2003)).

Based on the foregoing, Plaintiff's § 1983 claims premised on challenges to her local taxes are dismissed for lack of subject matter jurisdiction.  *See Neary v. Driscoll*, No. 2:24-cv-00736, 2024 WL 1704715, at *4 (E.D.N.Y. Apr. 19, 2024) (dismissing plaintiff's claims challenging town

8

and county's "billing and tax collection practices" for lack of subject matter jurisdiction pursuant to the TIA and related principles of comity); *Sandstrom v. Wendell*, No. 1:23-cv-00405, 2024 WL 1242415, at *4 (W.D.N.Y. Mar. 22, 2024), *appeal dismissed*, No. 24-956, 2024 WL 5516312 (2d Cir. Oct. 23, 2024) (granting motion to dismiss for lack of subject matter jurisdiction where plaintiff attempted to enjoin county defendants from assessing taxes); *Stankovic v. Frankel*, No. 12-cv-3215, 2012 WL 2700648, at *1 (E.D.N.Y. July 6, 2012) (dismissing claims challenging "local tax matters" for lack of subject matter jurisdiction).

### 2.     Merits

Generally, in the absence of subject matter jurisdiction, the Court does not reach the merits arguments contained in a motion to dismiss, and the claims lacking jurisdiction in this case would be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206-07 (2d Cir. 2019) (explaining, where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim . . . .") (citing *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016)).

Here, to the extent any of Plaintiff's claims are not jurisdictionally barred by the TIA or doctrine of comity, they are nevertheless subject to dismissal under Rule 12(b)(6). At the outset, Plaintiff's claims are grounded in "Redemptionist" and "Sovereign Citizen" theories that have been consistently recognized as frivolous by the courts. Redemptionists claim, among other things, that when "[a] person's name is spelled . . . with initial capital letters and small letters, [it] represents the real person . . . . Whenever a person's name is written in total capitals, however, . . . only the strawman is referenced, and the flesh and blood person is not involved." *McLaughlin v. CitiMortgage, Inc.*, 726 F.Supp.2d 201, 210 (D. Conn. 2010) (citations and punctuation omitted).

9

Likewise, Sovereign Citizens are "a loosely affiliated group who follow their own set of laws and, accordingly, do not recognize federal, state, or local laws, policies or regulations as legitimate." *United States v. DiMartino*, 949 F.3d 67, 69 (2d Cir. 2020) (internal quotation marks and citation omitted)). "Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13–cv–760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases).

Plaintiff's challenge in this case is grounded in her position that, as a general matter, the local and state "tax collection system[s]" stands in violation of the federal Constitution to the extent they impose direct taxes; that the state courts have no jurisdiction over foreclosure proceedings against her property and are "fictitious entities;" and that documents containing "all-caps" versions of her name, including her deed, constitute "fraudulent misrepresentation[s]." Even when read with the "special solicitude" required for pro se pleadings, these allegations do not invoke viable legal theories on which Plaintiff can rely in her constitutional challenges. *See Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-cv-0180, 2017 WL 2726692, at *6 (D. Haw. June 23, 2017) (collecting cases that have rightly have rejected the argument that "differences in capitalization of a person's name create separate legal entities"); *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (noting that "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings").

Moreover, as the Defendants argue in their motion papers, the Second Amended Complaint suffers from a variety of pleading deficiencies. A plaintiff seeking relief under § 1983 must allege facts showing the defendants' personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995))). As a corollary of the personal involvement requirement, complaints that rely on "group pleading" and "fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." *Adamou v. Cty. of Spotsylvania, Va.*, No. 12-cv-7789, 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (observing that Federal Rule of Civil Procedure 8 "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests," and that a complaint fails to meet that minimum where it "lump[s] all the defendants together in each claim and provide[s] no factual basis to distinguish their conduct")).

Here, the Second Amended Complaint repeatedly refers to actions taken by "the defendants," and contains only a very general description of each named defendant's purportedly unconstitutional job duties. It fails, however, to address in what way each defendant participated in the allegedly unconstitutional acts giving rise to the violations against Plaintiff. Plaintiff's general references to the Defendants fail to satisfy the requirement that litigants plead "precisely who did what and how such behavior is actionable under the law." *Demuth v. New York State Police*, No. 3:18-cv-0796, 2018 WL 5924605, at *4 (N.D.N.Y. Aug. 30, 2018).

Accordingly, to the extent any of Plaintiff's claims are not properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), they are dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

### B. State Law Claims

Plaintiff's remaining claims sound in state law. Since there is no diversity of citizenship between the parties, the only basis for this Court's continuing jurisdiction over those claims is supplemental jurisdiction under 28 U.S.C. § 1367(a). *See* 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). The Court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Courts must consider 'the values of judicial economy, convenience, fairness, and comity' when deciding whether to exercise supplemental jurisdiction." *Kroshnyi v. U.S. Pack Courier Servs.*, 771 F.3d 93, 102 (2d Cir. 2014) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, judicial economy weighs in favor of dismissing the state law claims. This case is in its early stages; discovery has not occurred; and Plaintiffs' state-law claims are best addressed by a state court. Accordingly, the Court declines to exercise supplemental jurisdiction over those claims.

## VI. LEAVE TO AMEND

Generally, the Court will afford a pro se plaintiff an opportunity to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would

succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."); *Myers v. Sperazza*, 11-cv-292, 2012 WL 6690303, at *1 (W.D.N.Y. Dec. 21, 2012) (dismissing pro se complaint without leave to amend because "there is no indication a valid claim can be stated and the court has determined that leave to amend the complaint would be futile").

Here, the deficiencies with Plaintiff's Second Amended Complaint, including most significantly this Court's lack of subject matter jurisdiction and the frivolous legal theories on which Plaintiff mounts her challenge, cannot be cured with better pleadings. Thus, although the Court is cognizant of Plaintiff's pro se status, allowing Plaintiff an opportunity to further amend would be an exercise in futility. *See, e.g., Sandstrom v. Wendell,* No. 1:23-cv-00405, 2024 WL 1242415, at *9 (W.D.N.Y. Mar. 22, 2024), *appeal dismissed,* No. 24-956, 2024 WL 5516312 (2d Cir. Oct. 23, 2024) (declining to grant leave to amend where Court lacked jurisdiction over Plaintiff's challenges to assessment of local taxes); *see also Dieujuste v. Sin,* 731 F. Supp. 3d 440, 454 (E.D.N.Y.), *reconsideration denied*, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), *and aff'd*, 125 F.4th 397 (2d Cir. 2025) (declining to grant leave to amend where plaintiff was "an adherent to the 'sovereign citizen' movement" and sought "to assert legally frivolous claims," noting that court "has the inherent power to dismiss without leave to amend or replead 'where the substance of the claim pleaded is frivolous on its face[.]'") (quotation omitted).

## VII. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's Second Amended Complaint, Dkt. No. 19, is sua sponte **DISMISSED without prejudice** pursuant to Rule 12(h)(3), to the extent it challenges the assessment and payment of local taxes against her property, and it is further

**ORDERED** that, to the extent any of the federal claims raised in Plaintiff's Second Amended Complaint are not subject to dismissal for lack of subject matter jurisdiction, Defendants' motions to dismiss under Rule 12(b)(6), Dkt. Nos. 31, 48, 52, are **GRANTED**, and these claims are **DISMISSED with prejudice** pursuant to Rule 12(b)(6) for failure to state a claim, and it is further

**ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and those claims are **DISMISSED without prejudice**, and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this action.

**IT IS SO ORDERED.**

Dated: June 16, 2025

_____
Elizabeth C. Coombe
U.S. District Judge